UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MIGUEL ANGEL HERNANDEZ,<br><br>Defendant. | Case No. 1:23-cr-00051-AKB-1<br><br>**MEMORANDUM DECISION AND ORDER RE MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE** |

Before the Court is Defendant Miguel Angel Hernandez's Motion for Early Termination of Supervised Release Pursuant to Title 18 U.S.C. § 3583(e)(1) (Dkt. 46). For the reasons discussed below, the Court denies the motion.

## I. BACKGROUND

In April 2023, Hernandez pled guilty to one count of false statement during attempted purchase of firearm in violation of 18 U.S.C. § 922(a)(6) (Dkt. 25 at 2). He was sentenced to six months of imprisonment and three years of supervised release (Dkt. 42). He began his supervised release in August 2023 (Dkt. 46). In January 2025, Hernandez moved for early termination of his supervised release (*id.*).

## II. LEGAL STANDARD

The Court has broad discretion to impose terms of supervised release. 18 U.S.C. § 3583(e)(1); *United States v. Emmett*, 749 F.3d 817, 819 (9th Cir. 2014). Likewise, the Court has broad discretion to terminate supervision after the defendant has served one year of supervised release. 18 U.S.C. § 3583(e)(1). In deciding whether to grant a motion for early termination, courts must consider several sentencing factors. 18 U.S.C. § 3583(e)(1); *see* 18 U.S.C. §§ 3553(a)(1),

MEMORANDUM DECISION AND ORDER - 1

(a)(2)(B)-(D), (a)(4), (a)(5), (a)(6), (a)(7). If, after consideration of these factors, the Court is satisfied early termination is "warranted by the conduct of the defendant released and the interest of justice," the Court may grant the motion to terminate supervision. The Ninth Circuit has specifically rejected "the proposition that early termination is reserved for rare cases of exceptionally good behavior," holding that a district court may not require exceptional behavior as a predicate for early termination. *See United States v. Ponce*, 22 F.4th 1045, 1047 (9th Cir. 2022). In deciding early termination motions, courts must provide an explanation based on consideration of the factors outlined above but need not elaborate unnecessarily. *Emmett*, 749 F.3d at 821-22.

### III.  ANALYSIS

While Hernandez has served the requisite year of supervision and has incurred no violations while on supervision, the Court is not persuaded that early termination is warranted. The Court commends Hernandez on how well he has performed while on supervision.  Compliance with the terms of supervision, however, "is to be expected."  *Id.* at 823 n.2 (Nguyen, J. dissenting) (citing *United States v. Miller*, 205 F.3d 1098, 1101 (9th Cir. 2000)). In other words, compliance is not a change in expected conditions from when Hernandez was sentenced.

Following his release from incarceration, Hernandez indicates he has performed well during supervision by completing mental health treatment early, paying his fine within the first few months of release, maintaining a position with the same employer the entire time, and contributing to society with a veterans' ministry and mobile roadside assistance company (Dkt. 46).

As the Government notes in opposition, however, Hernandez's offense conduct was concerning given his history. He attempted to purchase a firearm by lying about his status as a

**MEMORANDUM DECISION AND ORDER - 2**

violent felon on ATF form 4473 (Dkt. 34 at ¶ 9). He has had numerous interactions with law enforcement for irrational and delusional behavior; he reports successful mental health treatment but attaches no records supporting that statement (Dkt. 46 at 2). There is a strong public benefit to ensuring full rehabilitation before terminating his supervised release. Accordingly, having considered the nature and circumstances of the underlying offense, Hernandez's history and characteristics, the need for the sentence imposed to protect the public and to provide Hernandez with needed treatment and support, the kinds of sentences available, and the applicable guideline sentencing range, the Court declines to terminate Hernandez's supervision early.

Supervision is not imposed solely as punishment and its continuance is intended to aid Hernandez's continued success. *See United States v. Campbell*, No. 1:12-cr-00155-BLW, 2022 WL 3227735, at *2 (D. Idaho Aug. 10, 2022). The Court again commends Hernandez for his success on supervision, including his success with his career and his contributions to society. The Court concludes, however, that early termination is not warranted and denies Hernandez's motion.

## IV.  ORDER

**IT IS ORDERED that:**

1. Defendant Miguel Angel Hernandez's Motion for Early Termination of Supervised Release Pursuant to Title 18 U.S.C. § 3583(e)(1) (Dkt. 46) is **DENIED**.

DATED: October 23, 2025

Amanda K. Brailsford
U.S. District Court Judge

MEMORANDUM DECISION AND ORDER - 3